UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FELISBERTO ANDRDADE PEREIRA,
        Petitioner,

v.

JOSEPH McDONOUGH, et al.,
        Respondents.

CIVIL ACTION
NO. 04-10102-WGY

MEMORANDUM AND ORDER OF DISMISSAL

YOUNG, D. J.

For the reasons stated below, this habeas petition is dismissed without prejudice.

BACKGROUND

On January 15, 2004, petitioner Felisberto Andrade Periera, an immigration detainee currently being held at the Plymouth County Correctional Facility, filed a petition for a writ of habeas corpus under Section 2241 and submitted the $5 filing fee for this action. Periera, a native of Cape Verde, contends that he was ordered removed on October 8, 2003, and that his continued detention is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001). Petition, p. 2; Exhibit. He states that he has provided all necessary information to the Department of Homeland Security ("DHS") and that he will assist the DHS in any way to effect his removal. Id. at p. 2-3. Petitioner does not state the basis for his removal. See id.

On the same day that this petition was filed, counsel for the Department of Homeland Security orally informed a deputy clerk of this Court that Mr. Periera is scheduled to be removed on Monday, January 19.

ANALYSIS

Section 1231 of title 8 provides that the Attorney General shall remove aliens who have been ordered removed within 90 days, and that he may detain the alien during this "removal period." 8 U.S.C. § 1231(a)(1)(2). Section 1231 also provides that if removal is not effected within 90 days, an alien may be released under the supervision of the Attorney

General, but that certain classes of aliens, including those convicted of certain crimes, may continue to be detained after the 90-day removal period. Id. § 1231(a)(3), (6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six-months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. Id. 533 U.S. at 701. If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances." Id. at 699-700.

Under this formulation, an alien being held pursuant to Section 1231(a)(6) cannot assert a Zadvydas due process claim if he has been detained for less than six-months. See Hodel v. Aguirre, 260 F. Supp. 2d 695, 699 (N.D. Ill..2003) (Zadvydas not implicated where criminal alien held less than 6-months). Similarly, where removal is imminent, due process is not implicated and an alien also has failed to state a Zadvydas claim for relief. Wang v. Ashcroft, 320 F.3d 130, 145 (2d Cir. 2003).[1]

Here, petitioner, by his own admission, has been held for less than 6-months. Moreover, his removal appears to be imminent. Thus, this petition for a writ of habeas corpus must be dismissed. See Wang, 320 F.3d at 145. However, this dismissal is without prejudice to its re-filing by petitioner if his removal is not effected as planned.

---

[1] As discussed above, Pereira does not state the basis for his removal or current detention. Even assuming that he does not fall into any of the classes of aliens outlined in Section 1231(a)(6) that may be detained during the post-removal period, the petition still must be dismissed because it is also not clear whether he has been held for 90-days and because his imminent removal moots this petition.

Section 1231 provides that the removal period commences the later of three events, including the date the order of removal becomes administratively final. 8 U.S.C. § 1231(a)(1)(B)(i). Pereira states that he was ordered removed on October 8, 2003, and absent an appeal to the Board of Immigration Appeals, that order would become "administratively final" 30 days later. See 8 C.F.R. § 241.1 (final order of removal); § 1003.3 (notice of appeal);§1003.38(b) (time for appeal is 30 calendar days).

2

## CONCLUSION

ACCORDINGLY, this habeas petition will be dismissed without prejudice for the reasons stated above.

SO ORDERED.

January 16, 2004  
DATE

s/ William G. Young  
CHIEF JUDGE